CASE 68—WILLIAM H. WARD WAS CONVICTED OF CHAL-
LENGING ANOTHER TO FIGHT A DUEL AND HE
APPEALS.—March 10, 1909.

# Ward v. Commonwealth

Appeal from Garrard Circuit Court.

W. C. BELL, Circuit Judge.

Defendant convicted and appeals—Reversed.

1. Dueling—Elements—"Duel"—"Challenge to Duel."—St. 1909,
Section 1269 (Russell's St. Section 3190), imposes a punish-
ment upon one challenging another to fight in single combat
or otherwise, with a deadly weapon, and Const. Section 239,
prohibits one from holding office who shall directly or indi-
rectly gave a challenge to another to fight in single combat
with a deadly weapon. Accused, while partially intoxicated,
went up to another, and, drawing or partly drawing a gun,
said: "God damn you, you started to draw a gun this morning,
now, God damn you, shoot." Held that, since a duel was a
combat with a deadly weapon fought under prescribed rules
according to a precedent formal agreement without sudden
heat or passion, accused's conduct did not amount to a chal-
lenge to a duel within the statute.

2. Dueling—Prosecution—Trial—Jury Question—In a prosecution
for challenging another to fight a duel, if there is any doubt as
to whether accused intended to challenge another to fight a
duel with deadly weapons, the question is ordinarily for the
jury.

W. I. WILLIAMS, attorney for appellant.
"Cyc." Vol. 14, page 1112, defines duelling as follows: "Duelling

is the act of fighting with deadly weapons between two persons in pursuance of a previous agreement."

The challenge is merely the invitation to engage in a duel. Every duel has in it the following elements:

1. The act of fighting between two persons with deadly weapons.

2. A previous agreement between said persons to engage in said fight.

We submit that in this case the court below did not define fighting in single combat. There is nothing in the instructions given that tells what in law is meant by fighting in single combat. The jury were left to guess it out for themselves. We offered an instruction defining fighting in single combat but it was refused. To the jury was left the province that should have been exercised by the court, namely, a definite statement of the offense for which the defendant was then on trial.

## AUTHORITIES CITED.

Ky. Statutes, Sec. 1269; Commonwealth of Ky. v. Rowan, 3 Dana, 395; Cyc. Vol 14, page 1112.

JAMES BREATHITT, Att'y Gen'l and TOM B. McGREGOR, Assistant Attorney General for Commonwealth.

We submit:

(1) Whether the alleged challenge, under all the circumstances, was intended or amounted to a challenge, is always a question for the jury. (14 Cyc. 1116; Com. v. Hart, 6 J. J. Marshall (Ky.) 119; Com. v. Pope, 3 Dana (Ky.) 418; Ivy v. State, 12 Ala. 418; Com. v. Tibbs, 1 Dana 534.)

2. Whether the language used amounts to a challenge or not, is a question to be determined by the jury upon a consideration of all the facts in the case. (10 A. and E. Enc. of Law, 313.)

3. Whether a challenge was intended or whether the words used were the more effusion of passion or folly, or idle boast of a braggart, not intended at the time to lead to any result, or to be understood by the other party as a challenge to fight a duel, are questions which the jury must determine. Ivy v. State, 12 Ala. 277.)

4. The Kentucky doctrine is that no words that should not be construed as a requisition, demand, or a request to fight, should be deemed a challenge to single combat. (Comlth. v. Tibbs, 1 Dana (Ky.) 524.)

5. This court has no judicial knowledge of the provisions of the Code Duello. (Moody v. Comlth., 4 Metcalf 1.)

6. Oral evidence is admissible to show the intention of the parties or oral declarations. (Comlth. v. Pope, 3 Dana 418.)

7. Did the Legislature have in mind the change of the custom of duelling when it enacted section 1269?

8. It is in keeping with the progress of the age that this court should give a modern day construction to this section of the statute.

OPINION OF THE COURT BY JUDGE BARKER—Reversing.

The appellant was indicted by the grand jury of Garrard county, charged with a violation of section 1269, Ky. St. (Russell's St. section 3190), commonly called the dueling statute. The indictment is as follows: "The grand jury of the county of Garrard in the name and by the authority of the commonwealth aforesaid accuse Will Ward of the offense of challenging another to fight in single combat with a deadly weapon, committed in manner and form as follows: The said Will Ward in the county and state aforesaid, on the first day of June, 1908, and before the finding of this indictment, did unlawfully, and willfully, challenge J. E. Robinson to fight in single combat with deadly weapons, to wit, pistols, by the following challenge in words, acts and form, to wit, then and there touching said Robinson on the shoulder with his hand and then and there stepping back and then and there drawing his pistol upon said Robinson and then and there unlawfully and maliciously saying to the said Robinson in words and substance: 'God damn you, you started to draw a gun this morning; now, God damn you, shoot.' Then and there meaning by the said words made and delivered as aforesaid a chal-

lenge to the said J. E. Robinson to fight with deadly weapons, to wit, pistols, with him the said Will Ward. Against the peace and dignity of the commonwealth of Kentucky.'' A general demurrer was interposed to the indictment, which was overruled. A plea of not guilty was then entered, and a trial before a jury resulted in the appellant's being found guilty and his punishment fixed at a fine of $500 and imprisonment for six months in the county jail. · Judgment was entered in accordance with the verdict, and of this the appellant is now complaining.

The statute under which the appellant was indicted is as follows: ''Whoever shall challenge in this state another to fight in single combat or otherwise, with any deadly weapon, in or out of this state, and the person who shall accept such challenge, shall each be imprisoned not less than six nor more than twelve months, and fined five hundred dollars; and whoever shall knowingly carry or deliver any such challenge in this state, or consent in this state to be a second to either party, shall be fined one hundred dollars and imprisoned thirty days.'' Ky. St. 1269 (Russell's St. section 3190). Section 239 of the Constitution is as follows: ''Any person who shall, after the adop-tion of this Constitution, either directly or indirectly, give, accept or knowingly carry a challenge to any person or persons to fight in single combat, with a citizen of this state, with a deadly weapon, either in or out of the state, shall be deprived of the right to hold any office of honor or profit in this common-wealth; and if said acts, or any of them, be committed within this state, the person or persons so committing them shall be further punished in such manner as the General Assembly may prescribe.

The evidence for the commonwealth fully supports
the charge in the indictment, and that for the de-
fendant does not materially vary from that for the
commonwealth. The appellant had had trouble with
J. E. Robinson, and on the day the alleged offense
with which he is charged was committed he was un-
doubtedly much under the influence of liquor. See-
ing Robinson standing upon the street in Lancaster,
he went up to him, and, either drawing or partially
drawing his own pistol, said to him: "God damn you,
you started to draw a gun this morning; now, God
damn you, shoot." The question for adjudication is
whether or not these facts, which are practically un-
disputed, constitute the offense of challenging another
to fight a duel with deadly weapons within the mean-
ing of the statute. We think not. It is not neces-
sary for the purpose of this case to enter into an
elaborate definition of the word "duel." For our
purposes a duel is a combat with deadly weapons,
fought according to the terms of a precedent agree-
ment and under certain agreed or prescribed rules. A
duel has none of the elements of sudden heat and
passion. On the contrary, it is a combat, fought in
cold blood, and under rules prescribing the utmost
formality and decorum. One of the strongest argu-
ments in favor of the dueling system was the fact
that it tended to eliminate sudden and bloody encount-
ers between angry combatants; that the code of neces-
sity gave time for passion to subside and sober reason
to return; that it gave opportunity for the intervention
of friends, and it was said that this of itself operated
to prevent bloodshed. Whether this argument was
sound or unsound is immaterial now. We know from
the history of the age just gone that the code duello,

as practiced by our fathers, was a formal and
decorous system, the requirements of which were
carried out with the most punctilious formality.
There was something highly romantic in the system,
and there is no gainsaying that it held a high place
in the estimation of the past age.  It was to abolish
this barbarous practice that the antidueling statute
and the constitutional provisions were enacted.   It
was not their purpose, nor, indeed, was it necessary,
to enact such laws to prohibit the ordinary vulgar
fights and brawls that spring up and are carried on
under the influence of sudden heat and passion.  Now,
the charge in the indictment, and the proof for the
commonwealth which supports it, exhibit none of the
features of the formal duel with its superficial air
of courtesy, to prohibit which the statute, under
which the indictment was framed, was enacted.  In
the occurrence which took place between appellant
and Robinson there was no form or ceremony, but
only a brutal and vulgar assault by the appellant on
Robinson.  That the appellant intended to push upon
Robinson a quarrel which might have been fatal in
its consequences, and probably would have been so
if the latter had lost his presence of mind, is undoubt-
edly true; but what happened is just what ordinarily
occurs at the beginning of an ordinary street affray
with pistols or other deadly weapons.  The offense
committed by appellant was a gross assault, but not
a challenge to fight a duel within the meaning of the
statute under discussion.  We recognize the rule con-
tended for by the commonwealth, that, if there be
any doubt as to whether or not the defendant intended
to challenge another to fight a duel with deadly
weapons, the question must ordinarily be left to the

jury; but we do not think under the facts in this case that there was any question to submit to the jury. Admitting everything to be true, as contended for by the commonwealth, we think, as we have above stated, that the appellant was guilty of an aggravated assault only, and that he should have been punished for this, and not indicted under the dueling statute.

In the case of Commonwealth v. Tibbs, 1 Dana, 524, the defendant was indicted under a statute similar to that we have under discussion, and on the trial the evidence showed that Tibbs and one McNeel had been quarreling; that Tibbs said to McNeel: "I am told you carry weapons for me. I will fight you a duel with a pistol or rifle, from one step to a hundred yards." This language was held to constitute a misdemeanor at common law, but not the offense of challenging another to fight a duel with deadly weapons within the meaning of the statute.

We are of opinion that the motion of the defendant that the court should instruct the jury peremptorily to find him not guilty should have prevailed.

Judgment reversed for procedure consistent herewith.